**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**CONNIE DEYOE,**

                            **Plaintiff,**                    1:15-cv-705
                                                                 (GLS)

              v.

**COMMISSIONER OF SOCIAL
SECURITY,**

                            **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Law Offices of Steven R. Dolson | STEVEN R. DOLSON, ESQ. |
| 126 North Salina Street, Suite 3B | |
| Syracuse, NY 13202 | |
| | |
| **FOR THE DEFENDANT:** | |
| HON. RICHARD S. HARTUNIAN | MICHELLE L. CHRIST |
| United States Attorney | Special Assistant U.S. Attorney |
| 100 South Clinton Street | |
| Syracuse, NY 13261 | |
| | |
| Steven P. Conte | |
| Regional Chief Counsel | |
| Social Security Administration | |
| Office of General Counsel, Region II | |
| 26 Federal Plaza, Room 3904 | |
| New York, NY 10278 | |

**Gary L. Sharpe
Senior District Judge**

## MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiff Connie Deyoe challenges the Commissioner of Social Security's denial of Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI), seeking judicial review under 42 U.S.C. § 405(g). (Compl., Dkt. No. 1.) After reviewing the administrative record and carefully considering Deyoe's arguments, the Commissioner's decision is reversed and remanded for further administrative proceedings.

## II. Background

In April 2012, Deyoe filed applications for DIB and SSI under the Social Security Act, alleging disability since October 15, 2011. (Tr.[1] at 60, 133-37.)[2] After her applications were denied, (*id.* at 63-78), Deyoe requested a hearing before an Administrative Law Judge (ALJ), which was held on December 10, 2013, (*id.* at 26-47, 79-80). On March 3, 2014, the ALJ issued an unfavorable decision denying the requested benefits. (*Id.* at 11-25.) This became the Commissioner's final determination upon the

---

[1] Page references preceded by "Tr." are to the Administrative Transcript. (Dkt. No. 8.)

[2] Although it is clear from the record that Deyoe applied for SSI, (*see, e.g.*, Tr. at 14, 63-69), the application is not contained in the Administrative Transcript.

Appeals Council's denial of review. (*Id.* at 1-6.)

Deyoe commenced the present action by filing her complaint on June 9, 2015 wherein she sought review of the Commissioner's determination. (Compl.) The Commissioner filed an answer and a certified copy of the administrative transcript. (Dkt. Nos. 7, 8.) Each party, seeking judgment on the pleadings, filed a brief. (Dkt. Nos. 10, 14.)

### III. Contentions

Deyoe contends that the Commissioner's decision is tainted by legal error and is not supported by substantial evidence. (Dkt. No. 10 at 2-7.) Specifically, Deyoe claims that the ALJ erred in: (1) applying the treating physician rule; and (2) analyzing her credibility. (*Id.*) The Commissioner counters that the appropriate legal standards were used by the ALJ and his decision is also supported by substantial evidence. (Dkt. No. 14 at 6-10.)

### IV. Facts

The court adopts the undisputed factual recitations of the parties and the ALJ. (Dkt. No. 10 at 1-2; Dkt. No. 14 at 3; Tr. at 16-20.)

### V. Standard of Review

The standard for reviewing the Commissioner's final decision under

3

42 U.S.C. § 405(g)[3] is well established and will not be repeated here. For a full discussion of the standard and the five-step process by which the Commissioner evaluates whether a claimant is disabled under the Social Security Act, the court refers the parties to its previous decision in *Christiana v. Comm'r of Soc. Sec. Admin.*, No. 1:05-CV-932, 2008 WL 759076, at *1-2 (N.D.N.Y. Mar. 19, 2008).

## VI. Discussion

### A. Credibility Determination

Among other arguments, Deyoe contends that the ALJ erred in making his credibility determination. (Dkt. No. 10 at 5-7.) Specifically, Deyoe argues that the ALJ failed to properly consider her testimony that she must elevate her legs due to swelling and that she was hospitalized for two weeks following a long drive during which her feet were not properly elevated. (*Id.* at 6-7.) Because the ALJ failed to evaluate these symptoms or address them in his residual functional capacity (RFC) determination, Deyoe contends that remand is required. For the reasons that follow, the court agrees.

---

[3] 42 U.S.C. § 1383(c)(3) renders section 405(g) applicable to judicial review of SSI claims. As review under both sections is identical, parallel citations to the regulations governing SSI are omitted.

A claimant's RFC "is the most [she] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1). In assessing a claimant's RFC, an ALJ must consider "all of the relevant medical and other evidence," including a claimant's subjective complaints of pain. *Id.* § 404.1545(a)(3). To properly evaluate a claimant's subjective complaints, the ALJ must follow a two step process. *See* 20 C.F.R. § 404.1529; SSR 96-7p, 61 Fed. Reg. 34,483, 34,484-85 (July 2, 1996). First, the ALJ must determine whether the claimant suffers from a "medically determinable impairment[] that could reasonably be expected to produce the [symptoms] alleged"; second, he "must evaluate the intensity and persistence of those symptoms considering all of the available evidence; and, to the extent that the claimant's [subjective] contentions are not substantiated by the objective medical evidence, the ALJ must engage in a credibility inquiry." *Meadors v. Astrue*, 370 F. App'x 179, 183 (2d Cir. 2010) (internal quotation marks and citations omitted). In performing this analysis, the ALJ "must consider the entire case record and give specific reasons for the weight given to the [claimant's] statements." SSR 96-7p, 61 Fed. Reg. at 34,485. Specifically, in addition to the objective medical evidence, the ALJ must consider the following factors: "1) daily activities; 2) location, duration,

frequency and intensity of any symptoms; 3) precipitating and aggravating factors; 4) type, dosage, effectiveness, and side effects of any medications taken; 5) other treatment received; and 6) other measures taken to relieve symptoms." *F.S. v. Astrue*, No. 1:10-CV-444, 2012 WL 514944, at *19 (N.D.N.Y. Feb. 15, 2012) (citing 20 C.F.R. § 404.1529(c)(3)(i)-(vi)).

At the administrative hearing, Deyoe testified that her "edema" problems and seizures were the reasons she stopped working in July 2013. (Tr. at 33.) She explained that she "constant[ly]" suffered from seizures, that lasted less than five seconds. (*Id.* at 37.) Further, she explained that factor V Leiden disease[4] causes her pain, redness, and swelling in her legs. (*Id.* at 39-40.) She stated that these symptoms affect everything she does during the day, and, in order to combat them, she elevates her right foot above her heart three to four hours a day and five to six hours a night. (*Id.* at 39, 44.) She also testified that low back pain and hip pain make it hard for her to bend, stand, and sit. (*Id.* at 41.) In evaluating Deyoe's credibility, the ALJ determined that her impairments could reasonably be

---

[4] "Factor V Leiden is a mutation of one of the clotting factors in the blood called factor V. This mutation can increase your chance of developing abnormal blood clots (thrombophilia), usually in your veins." Factor V Leiden, Mayo Clinic, http://www.mayoclinic. org/diseases-conditions/factor-v-leiden/basics/definition/con-20032637 (July 14, 2015).

6

expected to cause her alleged symptoms, but her statements concerning the intensity, persistence, and limiting effects of the symptoms were "not entirely credible." (*Id.* at 19.) He noted that Deyoe's testimony with respect to her alleged seizure activity was inconsistent with her reports to her treatment provider regarding the intensity and frequency of her seizures when her medication was properly adjusted. (*Id.* at 19, 391-95, 396-400, 401-04.) He also relied on the two medical opinions of record, which, in his view, indicated that Deyoe could perform sedentary work with some additional limitations accounting for her seizures, respiratory, hip, and low back impairments.[5] (*Id.* at 19-20, 285-88, 356.)

Throughout his RFC analysis, the ALJ failed to mention Deyoe's testimony regarding the swelling in her legs and her need to elevate them often. (*Id.* at 18-20.) He also failed to discuss the medical evidence which supports those claims, including her diagnoses of factor V Leiden and edema. (*Id.* at 433-34, 437, 440, 454-55, 457-59, 460-62.) Moreover, the medical opinions on which he relies predate many of her complaints to her

---

[5] Specifically, based on his evaluation of evidence before him, the ALJ concluded that Deyoe retained the RFC to perform sedentary work, except that she cannot climb ladders or scaffolds, operate motor vehicles, be exposed to unprotected heights or dangerous machinery, and must avoid exposure to concentrated respiratory irritants and temperature extremes. (Tr. at 18.) In addition, the ALJ concluded that Deyoe could only occasionally balance, stoop, kneel, crouch, or crawl. (*Id.*)

treatment providers with respect to her swollen legs. (*Id.* at 285-88, 353-60.) Although in some instances the ALJ's credibility determination might suffice, *see Petrie v. Astrue*, 412 F. App'x 401, 407 (2d Cir. 2011) (explaining that it is not necessary for the ALJ to "'have mentioned every item of testimony presented to him or have explained why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability'" (citation omitted)), based on Deyoe's treatment history and diagnoses, the ALJ should have more thoroughly considered her subjective complaints. While the ALJ may have good reasons for discounting Deyoe's complaints, such as her failure to take prescribed medication or her ability to attend college courses since her alleged disability onset date, (Tr. at 32-33, 419, 440), his decision does not permit the court to conclude that he applied the appropriate legal standards or that his RFC determination is supported by substantial evidence. *See Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999) (holding that the court may not "properly affirm an administrative action on grounds different from those considered by the agency"). Thus, the court remands this case to the Commissioner to reconsider Deyoe's leg edema, and, consistent with his duty to develop the record, the ALJ should seek clarification from Deyoe's treating sources

8

regarding her functional capabilities, if necessary to make a determination. *See Schmelzle v. Colvin*, Civil Action No. 6:12-cv-1159, 2013 WL 3327975, at *9, *14 (N.D.N.Y. July 2, 2013) (holding that remand to the Commissioner for further development of the evidence is appropriate "unless there is conclusive evidence of disability and no apparent basis to conclude that a more complete record might support the Commissioner's decision").

B. **Remaining Findings and Conclusions**

Because Deyoe's remaining contention, (Dkt. No. 10 at 3-5), may be impacted by the subsequent proceedings directed by this Order, it would be premature of the court to address it at this juncture.

## VII. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for proceedings consistent with this Memorandum-Decision and Order; and it is further

**ORDERED** that the Clerk close this case and provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

October 21, 2016
Albany, New York

Gary L. Sharpe
U.S. District Judge